

**FILED**
**Jul 11, 2019**
**09:39 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| Sarah Williams,<br>　　　Employee, | ) | Docket No.: 2018-01-0175 |
| v. | ) | |
| Amazon Fulfillment Services, Inc.,<br>　　　Employer, | ) | State File No.: 17157-2018 |
| And | ) | |
| American Zurich Insurance Company,<br>　　　Carrier. | ) | Judge Audrey Headrick |

---

## EXPEDITED HEARING ORDER

---

Ms. Williams requested that Amazon Fulfillment Services, Inc. (Amazon) provide her with medical and temporary disability benefits for a left-foot condition allegedly caused from climbing ladders at work. Amazon denied that her job caused her condition based on the panel doctor's opinion. The Court held an Expedited Hearing on July 9, 2019, and holds Ms. Williams is not likely to prevail at a hearing on the merits regarding her requests.

### History of Claim

While working at Amazon on or about October 5, 2017, Ms. Williams alleges she injured her left foot from repetitively climbing a ladder for five hours.

Before 2017, Ms. Williams first sought treatment with Dr. Tamara Martin, a podiatrist, for her left foot in May 2010. She reported a history of left-heel pain for six to seven months with no history of an injury. Ms. Williams also complained of pain "when taking her first steps" in the morning. Dr. Martin diagnosed plantar fasciitis/heel spur syndrome and injected her heel. During that time, Ms. Williams worked for Volkswagen.

Ms. Williams began working for Amazon in November 2015 and did not seek any further left-foot treatment until she reported a September 2016 injury. On the Associate First Report of Injury (FROI), Ms. Williams wrote "bone in the back of the foot hurts

1

during & when waking up." She also noted "no specific incident." Ms. Williams marked "no" on the FROI when asked if she had previous injury to the same body part. She received authorized treatment from Dr. David Sparks at AFC Urgent Care. An x-ray showed a left-foot bone spur, and Dr. Sparks diagnosed Achilles tendonitis. In September 2016, Dr. Sparks indicated that Ms. Williams's condition was not work-related and released her to follow up with her podiatrist.

Approximately one year later, Ms. Williams treated with Dr. Joy Russell, podiatrist, for left-Achilles pain. Ms. Williams reported having the pain since June 2017. Dr. Russell diagnosed left-Achilles tendonitis and prescribed an anti-inflammatory, a cam-walker, and physical therapy. Although the record does not show that Dr. Russell took Ms. Williams off work, she released Ms. Williams to return to work on November 6, 2017.

On November 8, Ms. Williams reported another left-foot injury to Amazon. Both the FROI and First Report reflect that Ms. Williams provided September 8 as the actual injury date.[1] On the FROI, Ms. Williams wrote that she was going up and down a ladder and stool and walking to a bin when she injured her foot in September 2016. Amazon provided Ms. Williams with a panel, and she selected AFC.

Before seeking treatment at AFC, Ms. Williams returned to Dr. Russell on November 8 and reported returning to work that day and experiencing increased pain with weight-bearing. Dr. Russell diagnosed exacerbated Achilles tendonitis, recommended continued use of the anti-inflammatory and cam-walker, and released her to return to work on November 9.

On November 10, Ms. Williams saw panel physician Dr. Natasha Ballard and reported left-foot pain. Dr. Ballard's record states Ms. Williams described "[n]o new injury but hurts when walking despite using walking boot from podiatry." An x-ray showed a heel spur. Dr. Ballard provided an opinion that Ms. Williams's left-foot condition was "[n]ot work-related due to lack of 51% causation."

Soon after, Ms. Williams returned to her podiatrist, Dr. Russell. She noted that she remained off work because Amazon would not allow her to work with the cam-walker. Ms. Williams testified Dr. Russell told her that her foot condition was work-related, but her medical records are silent on that issue. In December, Dr. Russell referred Ms. Williams for a second opinion after conservative treatment failed.

Ms. Williams returned to Dr. Martin, her prior podiatrist, for a second opinion in December. She gave a history of left-foot pain since September 2017 and described pain

---

[1] The Petition for Benefit Determination and the Dispute Certification Notice provide October 5, 2017 as Ms. Williams's injury date. Ms. Williams's affidavit also describes October 2017 as her injury date.

2

with prolonged walking and going up and down ladders at work. Ms. Williams also stated she was not working due to continued pain and use of the cam-walker. On February 22, 2018, Dr. Martin released Ms. Williams to return to work without the cam walker and recommended no additional treatment unless her pain returned. Dr. Martin discussed surgery as an option and indicated she would refer Ms. Williams for a surgery evaluation after she completed treatment for a separate, ongoing knee problem.

Ultimately, Ms. Williams testified she sought treatment with Dr. Matthew Buchanan and had left-foot surgery on December 26, 2018. However, Ms. Williams did not submit his records. Ms. Williams stated that, despite having surgery, she continues to have ongoing problems with her foot and continues to treat with podiatrist Dr. Jason Wamack.

## Findings of Fact and Conclusions of Law

### Standard Applied

At an expedited hearing, Ms. Williams must present sufficient evidence to prove she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018). The Court holds she did not.

### Medical Benefits

The threshold issue is whether Ms. Williams suffered an injury as defined in the statute. An injury arises primarily out of the employment if the employment "contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann § 50-6-102(14)(B). Further, an injury causes the need for medical treatment only if it has been shown "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . need for medical treatment, considering all causes." Tenn. Code Ann § 50-6-102(14)(C). Lay testimony is insufficient to establish causation in the absence of medical evidence. *Arciga v. AtWork Pers. Servs.*, TN Wrk. Comp. App. Bd. LEXIS 6, at *7 (Aug. 18, 2015). Further, the opinion of the treating physician selected from a panel is afforded a presumption of correctness on causation although that presumption can be overcome by a preponderance of the evidence standard. Tenn. Code Ann § 50-6-102(14)(E).

Here, Ms. Williams chose AFC from a panel and saw Dr. Ballard. However, Dr. Ballard relied upon an incorrect causation standard. As previously stated, the standard is whether the employment "contributed more than fifty percent (50%) in causing" Ms. Williams's foot condition. The presumption of correctness cannot apply to Dr. Ballard's opinion. However, neither Dr. Ballard's records nor any other medical records establish that Ms. Williams's employment contributed "more than fifty percent (50%) in causing the . . . need for medical treatment, considering all causes." Therefore, the Court holds

3

she is not likely to prevail at a hearing on the merits and denies her request for medical benefits. Having reached this conclusion, the Court need not address her request for temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Williams's requested relief is denied at this time.

2. This matter is set for a Status Hearing on Tuesday, September 10, 2019, at 1:00 p.m. Eastern Time. You must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call might result in a determination of the issues without your participation.

**ENTERED July 11, 2019.**

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Panel of Physicians
2. First Report of Injury
3. Payroll statements
4. Amazon HealthCare Provider Request for Medical Information (RMI) (Dr. David Sparks)
5. RMI (Dr. Natasha Ballard)
6. Medical records of Dr. Joy Russell
7. FROI (September 2016)
8. FROI (September 2017)
9. Dr. Natasha Ballard's office note dated 11/10/17
10. Medical records of AFC Urgent Care
11. Medical records of Dr. Tamara Martin
12. Affidavit of Sarah Williams
13. AmCare record (Illegible)
14. Amazon RMI (Dr. Bernard Parham) (For ID Only)

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Notice of Expedited Hearing
5. Employer's Pre-Hearing Brief
6. Order Continuing Expedited Hearing
7. Order Referring Claim to Mediation
8. Notice of Expedited Hearing
9. Motion for Status Hearing
10. Notice of Status Hearing
11. Order Continuing Expedited Hearing
12. Notice of Expedited Hearing
13. Employer's Supplemental Pre-Hearing Brief
14. Employer's Witness and Exhibit List

**CERTIFICATE OF SERVICE**

I certify that a copy of this Expedited Hearing Order was sent as indicated on July 11, 2019.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Sarah Williams, Employee | X | | 5505 Pinelawn Avenue Chattanooga, TN 37411 |
| W. Troy Hart, Sarah Best, Employer Attorneys | | X<br>X | wth@mijs.com<br>shbest@mijs.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6



### Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

☐  Temporary disability benefits
☐  Medical benefits for current injury
☐  Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐Employer ☐Employee

Appellee's Address:_____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing $ _____ per month |
| Gas | $ _____ per month | Child Care $ _____ per month |
| Transportation | $ _____ per month | Child Support $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

| | | | |
|---|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)         RDA 11082